

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

December 8, 2020

**BY ECF**
The Honorable Paul G. Gardephe
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Memo Endorsed:** The Court will not hear seriatim summary judgment motions. The parties will file cross-motions for summary judgment on all issues they deem susceptible to summary judgment. Moving papers are due March 22, 2021; opposition papers are due April 22, 2021; replies are due May 24, 2021.

SO ORDERED.

*[signature]*

Paul G. Gardephe
United States District Judge

Dated: December 10, 2020

Re: *Radar Online, LLC v. FBI,* 17 Civ. 3956 (PGG)

Dear Judge Gardephe:

This action was filed by Radar Online, LLC and James Robertson under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, relating to a request Plaintiff Robertson made to the Federal Bureau of Investigation ("FBI") for all documents relating to the FBI's investigation and prosecution of Jeffrey Edward Epstein ("Epstein Request"). The parties write respectfully to file a status update, and to set forth their respective positions regarding next steps.

Summary of the Case

Prior to July 6, 2019, the FBI had fully processed 11,525 pages responsive to the FOIA request. The FBI did not assert Exemption 7(A) with respect to any of the responsive records. Exemption 7(A) generally authorizes non-disclosure of "records or information compiled for law enforcement purposes [when disclosure] could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A).

On July 6, 2019, the subject of this FOIA request, Jeffrey Epstein, was arrested and new criminal charges were announced.[1] After Epstein's arrest, the FBI began to review the remaining responsive records for categorical withholding pursuant to FOIA Exemption 7(A), per its typical protocols for "7(A)" records. 5 U.S.C. § 552(b)(7)(A). At the conclusion of this review, the FBI released in part an additional 46 pages (for a total of 11,571 pages), after determining that disclosure would not harm the ongoing investigation. The FBI withheld the remainder of the responsive records categorically.

---

[1] On August 10, 2019, Jeffrey Epstein was found dead. However, the investigation of the crimes of Epstein and others are ongoing.

Of the 11,571 pages ("the indexed pages"), the FBI produced 181 pages in full and 1,051 pages with partial redactions. The FBI withheld 10,107 pages based on Exemptions 3, 6, 7(C), 7(D), and 7(E), 105 pages because they were sealed records, and 127 pages because they were duplicative of other pages.

Thus, there are two sets of records at issue: 1) the 11,571 pages (the 11,525 pages processed prior to July 6, 2019, and the 46 pages produced on January 31, 2020) on which redaction boxes have been applied and which are addressed in the FBI's draft Vaughn index provided to Plaintiff (collectively, the "indexed records"), and 2) the records withheld categorically pursuant to Exemption 7(A). The FBI cannot provide the specific number of pages withheld categorically on the public record, as doing so could cause the harms protected by Exemption 7(A). The FBI informed Plaintiff that, in addition to asserting Exemption 7(A) over the categorically withheld records, it was also now asserting Exemption 7(A) over all information that was withheld from the records processed prior to July 6, 2019.

The parties disagree as to whether the parties should proceed with a motion for summary judgment with respect to all issues in dispute or engage in motion practice on the limited issue of whether the FBI can appropriately assert Exemption 7(A) over records processed prior to July 9, 2019, if the FBI did not assert Exemption 7(A) at the time those records were processed. The FBI seeks to file a motion for summary judgment on the propriety of all of its claimed exemptions, which would be dispositive of this matter.[2] Plaintiff seeks to file a motion on the issue of whether the FBI can apply an exemption that it did not initially assert, and then if necessary, stay briefing as to the applicability of Exemption 7(A) until after the pending criminal matter Ghislaine Maxwell, an individual connected to Epstein, is resolved.

Government's Position

Now that the FBI has made determinations as to the withholding of responsive records, the FBI should be permitted to file a summary judgment motion that would potentially resolve this matter. The FBI is prepared to file a summary judgment motion in which it would support its withholding of records pursuant to Exemption 7(A), as well as all other exemptions asserted with respect to the indexed records. The propriety of the FBI's asserted exemptions are ripe for resolution, and there is no need to engage in piecemeal adjudication of the issues in dispute.

The Second Circuit has routinely held that, as a general matter, courts must evaluate the applicability of a claimed FOIA exemption at the time the agency made the determination to withhold. *ACLU v. NSA*, 925 F.3d 576, 602 (2d Cir. 2019); *see also N.Y. Times v. U.S. Dep't of Justice*, 756 F.3d 100, 110 n.8 (2d Cir. 2014). The Government acknowledges that, unlike other FOIA exemptions, Exemption 7(A) is "temporal in nature," and thus if the pending criminal case that gives rise to the exemption happens to be resolved during the pendency of the litigation, the exemption may become outdated. *Citizens for Responsibility and Ethics in Washington v. U.S. Dep't of Justice*, 746 F.3d 1082, 1097 (D.C. Cir. 2014). But that does not mean that Plaintiff can

---

[2] As further explained herein, if the Court should find that Exemption 7(A) is not applicable to the categorically withheld records, the FBI anticipates needing additional time to process those records for other exemptions.

attempt to game the system by seeking a stay of this matter for an indefinite period of time until such time as any pending criminal investigation and related proceedings has been concluded and the FBI's assertion of Exemption 7(A) is no longer applicable. FOIA exemptions are not moving targets and "[t]o require an agency to adjust or modify its FOIA responses based on post-response occurrences could create an endless cycle of judicially mandated reprocessing." *Bonner v. U.S. Dep't of State*, 928 F.2d 1148, 1148 (D.C. Cir. 1991); *Florez v. CIA*, 829 F.3d 178, 188 (2d Cir. 2016); *see also Meeropol v. Meese*, 790 F.2d 942, 959 (D.C. Cir. 1986) ("The fact that there are documents which while properly withheld at the time the decision to withhold was made were nevertheless not exempt under new standards does not indicate error . . . . The government cannot be expected to follow an endlessly moving target."). Accordingly, the issue for the Court to decide is whether the FBI has appropriately claimed Exemption 7(A), and not whether Exemption 7(A) would continue to apply at some unspecified point in the future when the criminal investigation and related prosecutions have concluded.

Here, the records have been proceed based on the current status of the criminal case, and there is no reason to indefinitely delay summary judgment briefing, only to then require the agency to reprocess the records in light of the then-existing circumstances. Indeed, Exemption 7(A) would be completely negated if, in every case with a pending criminal investigation, courts stayed the FOIA case until the Exemption 7A expires. Had Congress intended such a remedy, it could have so provided in the statute. The appropriate remedy is for Plaintiff to file another FOIA request at a later time when it believes Exemption 7(A) would no longer be applicable, and not for this case to remain in limbo potentially for years.

Further, to allow Plaintiff to brief a single issue will result in the expenditure of unnecessary resources and duplication of efforts. Plaintiff's motion would not be dispositive of any issues in this case. On the one hand, if the Court were to grant Plaintiff's contemplated motion regarding the untimeliness of the FBI's assertion of Exemption 7(A) as to the withheld portions of the indexed records, because the Government has also asserted other exemptions with respect to those records, a determination as to whether those records were properly withheld would require yet another round of briefing as to those exemptions. Alternatively, if the Court were to rule in favor of the FBI and hold that its assertion of Exemption 7(A) as to the indexed records was not untimely, the parties would still be required to brief whether Exemption 7(A) was appropriately applied to the withheld portions of those records.

To the extent the Court is inclined to receive briefing on the Exemption 7(A) issues first, we respectfully request that the Court permit the Government to file a motion for summary judgment relating both to the timeliness of the FBI's Exemption 7(A) assertions and the applicability of Exemption 7(A) as to both the indexed records and the categorically withheld records, and to defer briefing on the applicability of the other exemptions. Such briefing would include any issues that Plaintiff seeks to present as related to the FBI's assertion of Exemption 7(A).[3]

---

[3] Because the FBI's processing of responsive records subsequent to July 6, 2019, was for the limited purpose of identifying whether the records were subject to a categorical 7(A) exemption, and the FBI therefore did not need to identify line-by-line redactions of the documents for other exemptions, the FBI was able to process the records at a rate faster than its typical processing rate

Accordingly, the FBI proposes the following briefing schedule:

January 22, 2020: The parties shall complete discussions relating to the draft Vaughn Index;
March 22, 2020:   The FBI shall file its motion for summary judgment;
April 22, 2020:   Plaintiff shall file any opposition to the FBI's motion for summary judgment; and
May 22, 2020:     The FBI shall file its reply.

Plaintiff's Position

Exemption 7(A) is unavailable to the FBI. 7(A) pertains to "records or information compiled for law enforcement purposes, but only to the extent that production of such law enforcement records or information . . . could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552 (emphasis added).

The FOIA request at issue was submitted to the FBI on April 20, 2017 and constructively denied 20 working days later. At that time, there was no prospective enforcement proceeding upon which 7(A) could be premised. During the nearly three year production cycle, which included 21 separate productions comprising nearly 12,000 pages of material, the FBI did not appear to invoke Exemption 7(A) at all. Rather, it premised the vast majority of redactions on exemptions relating to personal privacy, including that of Epstein and his known co-conspirators, all of whom Plaintiff contends have dramatically diminished privacy interests that are outweighed by the public interest. For reference, of the 11,571 records identified, the FBI withheld in full 10,339 (89%).

It was only after the production was completed in 2020 that the FBI took the apparent position that a **newly initiated** enforcement proceeding can retroactively blanket an entire production under Exemption 7(A), which has no public interest balancing test and must only weigh the likelihood of damage to an investigation or prosecution.

An agency is not entitled to invoke exemptions based on new facts or circumstances that did not exist at the time of its denial of records. Given the pervasive application of 7(A), the Court's judgment on this issue is likely to be dispositive of the status of the vast majority of documents.

Therefore, Plaintiff proposes that the parties brief this threshold matter first. Should the Court uphold the FBI's practice, the parties would then brief the matter of whether Exemption 7(A), as well as the privacy and other exemptions cited, are reasonably applied to the production.

---

of 500 pages per month. In this processing, the FBI reviewed the records for all underlying exemptions in addition to Exemption 7(A), but did not apply redactions on the pages themselves. Should the Court determine that Exemption 7(A) does not apply to some or all of the categorically withheld records and require a more particularized briefing of such, the FBI estimates that it would need more than one year to apply redactions to these records, prior to litigating a renewed motion for summary judgment.

This bifurcated process will promote efficiency and has the additional advantage of accounting for the currently pending trial of Epstein associate Ghislaine Maxwell (scheduled for July 12, 2021). Maxwell has already received significant discovery concerning the scope of the FBI's evidence and her prosecution will likely moot the application of numerous privacy and law enforcement redactions during the pendency of this matter and any possible appeals.

Accordingly, Plaintiff proposes the following briefing deadlines:

1. February 1, 2021: FBI's Motion for Partial Summary Judgment concerning estoppel of invoking Exemption 7(A)
2. February 15, 2021: Plaintiff's Cross-Motion for Partial Summary Judgment concerning estoppel of invoking Exemption 7(A)
3. March 1, 2021: FBI's Reply
4. March 15, 2021: Plaintiff's Reply

Should the Court hold that 7A may be applied, the parties would proceed to brief the **application** of 7A to the facts, along with the remaining exemptions:

1. August 9, 2021: FBI Motion for Summary Judgment
2. September 13, 2021: Plaintiff's Cross-Motion for Summary Judgment
3. September 28, 2021: FBI's Reply
4. October 12, 2021: Plaintiff's Reply

We thank the Court for consideration of this matter.

Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York
Attorney for Defendant

By:     /s/Kirti Reddy
KIRTI VAIDYA REDDY
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2751
Fax: (212) 637-2786
Kirti.reddy@usdoj.gov