October 29, 2021

The Honorable Paul Gardephe
Thurgood Marshall United States Courthouse
40 Foley Square, New York, NY 10007

Re: Radar Online v FBI, 1:17-cv-3956 (PGG)

Dear Judge Gardephe:

Plaintiffs Radar Online LLC and James Robertson respectfully submit this Letter Reply and Request for Oral Argument in further support of Plaintiffs' Cross-Motion for Summary Judgment in the above-captioned Freedom of Information Act ("FOIA") matter.

The FBI's Reply adds no substantive arguments. Instead, it repeats the same bare assertions previously offered. The agency continues to insist that releasing documents Ghislaine Maxwell has **already seen** to the public would give **her** an advantage at trial. How?

The FBI invokes the law enforcement exemption despite no investigation existing at the time of:

1) Plaintiffs' FOIA request.
2) The FBI's denial of Plaintiffs' FOIA request.
3) Plaintiffs' initiation of a legal challenge to the FBI's denial.
4) The FBI's initial production of responsive documents to Plaintiffs.
5) Twenty subsequent productions of responsive documents to Plaintiffs.

For two years, the FBI privileged convicted felon and child sex-trafficker Jeffrey Epstein's personal privacy over the public's right to know. It is telling that the agency does not even seek to offer the same courtesy to Ghislaine Maxwell, who has been convicted of no crime.

This case has never been about personal privacy or law enforcement. It is about the personal privacy **of** law enforcement. If the government wished to shield itself from embarrassment via the law enforcement exemption, it should have investigated Ghislaine Maxwell in 2006 - or at any point prior to Plaintiffs' 2017 FOIA request.

An agency cannot upgrade its exemptions by creating new facts. Especially when those facts are themselves temporary. Once Ghislaine Maxwell's trial commences next month, the factual basis for the law enforcement exemption will evaporate. The FBI's invocation is therefore entirely cynical – a tactical gaming of FOIA merely to delay an inevitable public reckoning.

Plaintiffs' Motion should be granted. Plaintiffs respectfully request oral argument.

Respectfully Submitted,

*Dan Novack*

Daniel Novack
1745 Broadway, New York, NY, 10019
Tel: 201-213-1425
dan@novackmedialaw.com
*Pro Bono Counsel for Plaintiff*