UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF YORK
———————————————————x

RADAR ONLINE LLC and JAMES
ROBERSON,

                Plaintiffs,

  -v-                                         17 Civ. 3956 (PGG)

FEDERAL BUREAU OF INVESTIGATION,

                Defendant.
———————————————————x

## SUPPLEMENTAL DECLARATION OF MAURENE COMEY

    I, Maurene Comey, hereby declare as follows:

    1.    I am an Assistant United States Attorney in the United States Attorney's Office for the Southern District of New York ("USAO-SDNY") and currently serve as Co-Chief of the Public Corruption Unit. I have served in this capacity since January 2023. Prior to my current role, I served as Co-Chief of the Violent and Organized Crime Unit of the USAO-SDNY from May 2021 through January 2023, Deputy Chief of the Violent and Organized Crime Unit of the USAO-SDNY from February 2021 through May 2021, an Assistant United States Attorney in the Public Corruption Unit of the USAO-SDNY from September 2019 through February 2021, an Assistant United States Attorney in the Violent and Organized Crime Unit of the USAO-SDNY from July 2017 through September 2019, an Assistant United States Attorney in the White Plains Division of the USAO-SDNY from January 2016 through July 2017, and an Assistant United States Attorney in the General Crimes Unit of the USAO-SDNY from November 2015 through January 2016. I have been

1

an Assistant United States Attorney in the Southern District of New York since November 2015.  Currently, I am one of the Assistant United States Attorneys handling the prosecution of Ghislaine Maxwell, an individual who associated with Jeffrey Epstein.  Prior to his death, I was also one of the Assistant United States Attorneys in charge of the prosecution of Jeffrey Epstein.

2. I am familiar with the Freedom of Information Act request filed by Radar Online LLC (the "FOIA Request") that is the subject of this case, which seeks records relating to the "FBI's investigation and the prosecution of Jeffrey Epstein, who plead guilty to one count of felony solicitation of prosecution in August 2006."  By either reviewing certain records in preparation for the prosecution or review of samples of all of the categories of documents, I am familiar with the responsive records that the Federal Bureau of Investigation ("FBI") has withheld pursuant to Exemptions 3, 5, 6, 7(A), 7(C), 7(D), and 7(E) of FOIA, 5 U.S.C. § 552(b)(5)-(7).  In addition, I am familiar with the proceedings in *United States v. Maxwell*, 22-1426 (2d Cir.); *United States v. Maxwell*, 20-cr-330 (AJN) (S.D.N.Y.), and *United States v. Epstein*, No. 19-cr-490 (RMB) (S.D.N.Y.).  The statements contained in this declaration are based on my personal knowledge, documents maintained in the files of the USAO-SDNY, documents maintained in the files of the FBI, conversations with the members of the *Maxwell* and *Epstein* prosecution teams at the USAO-SDNY, conversations with FBI employees, public court filings, and conclusions made in accordance therewith.

3. I submit this supplemental declaration in support of the FBI's motion for summary judgment in this case and pursuant to this Court's June 30, 2023 Order requesting supplemental submissions relating to the effect of Maxwell's conviction and any pending appeal on the FBI's assertion of FOIA exemptions, particularly Exemption 7(A), 5 U.S.C. §

522 (b)(7)(A). *See* Dkt. No. 45 at 3.

4. I incorporate by reference my prior declaration submitted in this matter, dated June 27, 2021. *See* Dkt. No. 39. That declaration summarized the prosecution of Epstein and Maxwell and explained the basis for the categorical withholding of the requested records pursuant to Exemption 7(A), on account that public disclosure would likely interfere with the pending prosecution of Maxwell. *See id.* at 2-11.

5. I explained in my June 2021 declaration that release of the FBI's records relating to the investigation and prosecution of Epstein would provide Maxwell with greater access to the agency's investigatory files than she would otherwise have through the criminal discovery process; contravene the Protective Order entered by Judge Nathan in the criminal case against Maxwell; risk influence by the media upon witnesses and the jury; potentially influence witnesses' trial testimony by providing the opportunity for them to shape their testimony by conforming it with other evidence gathered during the investigation; and be reasonably expected to impair the ability to seat a fair and impartial jury. *See id.* at 4-11.

6. Since I provided my declaration in June 2021, the trial of Maxwell has concluded. On December 29, 2021, a jury convicted Maxwell of multiple counts following a multi-week trial, and on June 29, 2021, Judge Nathan entered judgment sentencing Maxwell to a total of 20 years' imprisonment for one count of conspiracy to transport minors with intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 371, one count of transportation of a minor with intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423, and one count of sex trafficking of an individual under the age of eighteen, in violation of 18 U.S.C. § 1591. *See United States v. Maxwell*, No. 20 Cr. 330 (AJN) (S.D.N.Y.), Dkt. No. 696.

7. On July 7, 2022, Maxwell appealed the criminal judgment to the United States Court of Appeals for the Second Circuit. *See id.* at 697. In her appeal, Maxwell is seeking, among other things, a new trial based on alleged juror misconduct and alleged evidentiary issues. *See United States v. Maxwell*, 22-1426 (2d Cir.), Dkt. No. 59 at 2, 63-81, 86-87. The appeal remains pending. Maxwell filed her initial brief on February 28, 2023; the Government filed its opposition brief on June 29, 2023; and Maxwell's reply brief is due on July 27, 2023. *United States v. Maxwell*, 22-1426 (2d Cir.), Dkt. Nos. 59, 79. The parties will then await a schedule for oral argument, and ultimately, a decision from the Second Circuit.

8. Given that the *Maxwell* criminal prosecution is still pending on appeal, and if the Second Circuit grants Maxwell the relief she seeks, there could be a new trial, public disclosure of the FBI's records relating to the investigation and prosecution of Epstein would still likely interfere with the prosecution of Maxwell, for similar reasons as explained in my June 2021 declaration, with one exception. The Government has released upon request to members of the media the approximately 280 publicly-filed trial exhibits from the *Maxwell* trial, some of which are from the FBI's investigation of Epstein. The Government is willing to release these publicly-disclosed trial exhibits to Radar Online, to the extent it has not already requested and received them.

9. Regarding the remaining records, releasing the entirety of the FBI's records relating to its investigation of Epstein in this FOIA litigation would interfere with any new trial of Maxwell in several ways. First, it would allow Maxwell to have earlier and greater access to the investigatory files than she would otherwise have through the criminal discovery process. As explained in my prior declaration, through the criminal discovery

process, Maxwell had access to, among other things, testifying witness statements, material subject to disclosure pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), and potential trial exhibits. She did not have access to all of the FBI's files relating to the investigation and prosecution of Epstein. If there were a new trial, the Court would presumably set a deadline for release of any additional records relating to the new trial. Release of all FBI records pertaining to the FBI's investigation and prosecution of Epstein therefore would provide Maxwell with earlier and greater access to records than she would otherwise have at any new trial.

10. Further, as with the initial trial, if there were a new trial, there would likely be significant coverage by the media of the prosecution and Maxwell's association with Epstein. Media coverage of a new trial may impact potential witnesses and jurors. As such, the parties in the *Maxwell* matter remain subject to a protective order prohibiting the defense from disseminating Government productions to the public or the press. *See Maxwell*, No. 20 Cr. 330, Dkt. No. 36. To allow disclosure of records withheld in full or in part by the FBI under Exemption 7(A) would be in contravention of the efforts made by the parties and the Court to provide an impartial trial. Further, premature release of the withheld records, particularly if the records are released in part or without full context, may influence the perception of jurors who have been exposed to media coverage containing speculation and theories relating to Maxwell.

11. At any new trial, premature disclosure of records and/or information therein could still reasonably be expected to influence witnesses' potential trial testimony. These records include information about which witnesses may be expected to testify at a new trial, include details that are not publicly known or known to other witnesses, and include

5

information and documents authored by potential trial witnesses. These records also include information that may or may not be entered into evidence at a new trial, which could influence the testimony of witnesses by providing the opportunity for witnesses to shape their testimony to conform with other evidence gathered during the investigation that has not yet been made public. Although witnesses have already testified at one trial and may have been exposed to some media attention about the publicly-filed exhibits at trial (which, as referenced above, the Government has no objection to providing to Radar Online at this time), witnesses have not had access to the entire FBI file regarding Epstein, and the Government may elect to introduce additional exhibits and call additional witnesses, none of which have been publicly reported, should this case be retried. The release of the full investigative file would undermine the Government's efforts to present witness testimony that is uninfluenced by the parts of the investigative file to which they were not already exposed through the first trial.

12. Similarly, premature disclosure of the records withheld under 7(A) could reasonably be expected to impair the Government's (and the defendant's) ability to seat a fair and impartial jury in any new trial in *Maxwell*. As already referenced, the Government has no objection to providing Radar Online with the publicly-filed exhibits from the first trial, but if this case were to be retried, the Government may elect to present additional exhibits and/or call previously uncalled witnesses at a second trial. The withheld records include possible exhibits at a new trial that were not publicly filed at the first trial, specific information about witnesses who may testify at a new trial, as well as information and documents authored by potential trial witnesses (to the extent not already publicly disclosed during the first trial), such that premature public disclosure could reasonably be expected to

6

influence potential jurors' perceptions of the witnesses and the evidence to be presented at trial. Additionally, the withheld records include a variety of topics and witness statements that go far beyond the issues covered during the first trial. The first trial focused primarily on the abuse of six victims, and many exhibits were received under seal to protect the privacy of those victims and other third parties. The withheld records include statements from and evidence regarding many more victims of Epstein and numerous witnesses who were not called or referenced during the first trial, including some who the Government may elect to call and/or reference if this case were to be retried. Accordingly, premature release of the records would risk unduly influencing potential jurors for a retrial.

13.     Moreover, potential jurors' consideration of the records that are being withheld under Exemption 7(A) but were not presented at the first trial and may not be presented at any new trial may impact the consideration jurors give to the actual evidence at any trial. If some or all of this evidence is excluded at any new trial, pre-trial publication of these materials would risk exposing potential jurors to material they would otherwise not be shown during trial, which risks unduly influencing jurors' views of the case and would impair the Government's (and the defendant's) ability to seat a fair and impartial jury. For example, should potential jurors be able to view the FBI's interview notes and forms and grand jury subpoenas, they will know who the FBI contacted during its investigation, information that was disclosed by witnesses, including witnesses who will not testify at any new trial, and the evidence that was gathered by the FBI. Having viewed that evidence, jurors may improperly consider this information in conjunction with the actual evidence that is presented at trial. Similarly, records that may not be trial exhibits but bear on the contents of potential trial exhibits could improperly influence potential jurors' understanding of the evidence at trial

and the case overall.

14. The records withheld in full under Exemption 7(A) are exempt from disclosure in their entirety under Exemption 7(A). To the extent the records contain any non-exempt information, such information is inextricably intertwined with information that could reasonably be expected to interfere with the *Maxwell* prosecution for the reasons discussed above. The media coverage of speculation and theories about Maxwell's association with Epstein makes the segregation of any possibly non-exempt information particularly difficult because providing information pertaining to Epstein without complete context can reasonably be expected to contribute to the dissemination of speculation and theories about the *Maxwell* case. This, in turn, could reasonably be expected to interfere with the District Court's ability to seat a fair and impartial jury in any future trial against Maxwell, for the reasons discussed above.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 10th day of July 2023.

_____
MAURENE COMEY
Assistant United States Attorney
United States Attorney's Office for the
Southern District of New York