

Daniel R. Novack
dan@novackmedialaw.com

July 18, 2023

**VIA ECF**

The Honorable Paul Gardephe
United States District Court
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Radar Online v FBI*, 1:17-cv-3956 (PGG)

Dear Judge Gardephe:

Plaintiffs Radar Online LLC and James Robertson respectfully submit this letter brief in response to the Court's July 5, 2023 Order directing that the parties file supplemental briefs to address new factual developments since their filing of dueling summary judgment motions.

As described in further detail below, these subsequent developments further support Plaintiffs' motion for summary judgment.

**I.    Background**

Plaintiffs' FOIA request turned six years old this April. When it was submitted in April 2017, Jeffrey Epstein was a free man. Indeed, it was Epstein's sweetheart treatment by federal law enforcement that prompted Plaintiffs to file their FOIA request.

The FBI has resisted transparency every step of the way, baselessly withholding thousands of pages of material for years out of stated deference to Epstein. The pretext offered: disclosing details of the FBI's investigation of Epstein for child sex trafficking would inflict a "clearly unwarranted invasion" of his personal privacy. 5 U.S.C. § 552 (b)(7)(C). Twenty-one productions cited this justification. None cited any pending of any law enforcement investigation as a basis to withhold records.

After years of public outcry, the Southern District of New York indicted Epstein in July 2019. It was only then that the FBI began citing the law enforcement investigation exemption. Epstein died in August 2019. The FBI continued applying the law enforcement exemption for the remainder of their production schedule.

In July 2020, Ghislaine Maxwell was arrested for crimes related to Epstein.

In October 2021, the parties filed dueling summary judgment motions. While the FBI invoked a number of exemptions, the only categorical exemption it relied on was the law enforcement exemption. In addition to the seven productions made after Epstein was indicted, the FBI asserted Exemption 7(A) retroactively to cover the first two years of the production in its Motion


Daniel R. Novack
dan@novackmedialaw.com

for Summary Judgment. The justification offered: revealing the material would negatively impact the pending prosecution of Epstein's co-conspirator Ghislaine Maxwell.

With respect to this exemption, Plaintiffs explained that:

(1) FOIA requests must be evaluated as of the time of the request and there was no pending investigation of anyone at the time [Docket 43 at 7];

(2) Exemption 7(A) requires, and the FBI had failed to offer, "more than conclusory statement[s]" about interference. In addition, disclosure did not pose a risk to a proceeding because Maxwell, the subject of the proceeding, already had "millions" of the documents at issue (*id.* at 15); and

(3) any justification would in any event soon "evaporate" because Maxwell's trial was scheduled to commence the following month [Docket No. 44].

In December 2021, Maxwell was found guilty on five of six charged counts. Order at 2. In June 2022, Maxwell was sentenced to 20 years' imprisonment. *Id.*  In July 2022, Maxwell appealed the conviction. [Docket No. 47 at 4]. That appeal remains pending. *Id.*

On July 5, 2023, the Court directed the parties to file supplemental briefs addressing the effect of the conviction of Ghislaine Maxwell and the pending appeal of that conviction on the parties' summary judgment motions. Order at 1, 2.

In so ordering, the Court observed that:

> As the FBI has previously acknowledged, "unlike other FOIA exemptions, Exemption 7(A) is 'temporal in nature,' and thus if the pending criminal case that gives rise to the exemption happens to be resolved during the pendency of the litigation, the exemption may become outdated." (Def. Dec. 8, 2020 Ltr. (Dkt. No. 25) at 2 (citing *Citizens for Responsibility and Ethics in Washington*, 746 F.3d at 1097) Moreover, for purposes of Exemption 7(A) "'[t]he proceeding must remain pending at the time of [the Court's] decision, not only at the time of the initial FOIA request.'" *Farahi v. Fed. Bureau of Investigation*, 2022 WL 17338008, at *8 (D.D.C. Nov. 30, 2022) (quoting *Shapiro v. Dep't of Just.*, 2020 WL 3615511, at *16 (D.D.C. 2020)).

Order at 2.

II.  **Argument**

FOIA Exemption 7(A) exempts from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552 (b)(7)(A).


Daniel R. Novack
dan@novackmedialaw.com

Exemption 7(A) requires both that the exemption be appropriate at the time of the FOIA request and at the time of the Court's decision. Order at 2.

It is the government's burden to justify the exemption and it cannot rely on conclusory statements to do so. [Docket No. 43 at 9]. Nor is the exemption appropriate when the defendant already has copies of the materials at issue. *Id.* at 15.

Applying these principles here, FBI cannot invoke exemption 7(A). It fails the temporal analysis "at the time of the initial FOIA request" and now at the time of the court's decision. There was no possibility of interference in 2017, or in 2018, or for most of 2019 because there was no investigation. That alone should end the Court's analysis.

The FBI also fails the temporal analysis in 2023. It cites cases that support the abstract principle that a pending appeal could provide the "potential" for appropriately utilizing the exemption, but fails to offer a logical or plausible justification against release of the records.[1] At the time of the parties' summary judgment briefing, the exemption had already become "outdated" given the extensive discovery provided to Maxwell. Notably, the FBI has declined to identify the overlap (likely substantial) between the records requested by Plaintiffs and the materials produced to Maxwell, which Maxwell's counsel has stated number in the "millions." *U.S. v. Ghislaine Maxwell*, 1:20-cr-330-AJN, Letter to Judge Nathan, Jan. 14, 2021, Docket No. 116.

Now, with Maxwell convicted after a month-long public trial, there is even less basis to credit the FBI's unsupported concerns of interference.

What records has Ghislaine Maxwell not already seen? What potential jury member (or witness) could possibly be affected by the release of the requested records at this point?

### III.   Conclusion

For these reasons and those previously stated, Plaintiffs' Motion for summary judgment should be granted.

Respectfully Submitted,

*Dan Novack*
Daniel R. Novack
dan@novackmedialaw.com | Tel: 201-213-1425
*Counsel for Plaintiffs*

---

[1] The FBI argues that a district court accepted similar arguments as "logical or plausible." [Docket No. 46 at 10] (citing *Clemente v. FBI*, 20 Civ. 1527 (TNM), 2022 WL 17092585 (D.D.C. Nov. 21, 2022)). *Clemente* is inapposite because Maxwell's prosecution was pending at the time of the request. Further, it was decided exclusively on the basis of the FBI's submissions, with no adversarial process.