UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RADAR ONLINE LLC and JAMES
ROBERTSON,

Plaintiffs,

- against-

Case No.: 1:17-cv-03956-PGG

FEDERAL BUREAU OF INVESTIGATION,

Defendant.

### PLAINTIFFS' SUBMISSION CONCERNING THE EPSTEIN FILES TRANSPARENCY ACT

Plaintiffs Radar Online LLC and James Robertson ("Plaintiffs" or "Radar Online") respectfully submit this response to the Court's April 6, 2026 Order (Dkt. 68) asking whether their claims for relief have been rendered moot by the Government's release of files pursuant to the Epstein Files Transparency Act, Pub. L. No. 119-38, 139 Stat. 656 (2025).

Neither the terms of the Act, nor the Government's partial release of Epstein files, renders Plaintiffs' FOIA complaint legally or factually moot.

To the contrary, Defendant the Federal Bureau of Investigation ("FBI") has a separate and independent legal obligation to fully respond to Plaintiffs' 2017 FOIA request and to justify any withholdings pursuant to the FOIA exemptions, as narrowed by the Epstein Files Transparency Act. The FBI has not done so, and Plaintiffs' claim is not moot.

Plaintiffs, therefore, respectfully request that this Court appoint an independent Special Master to expeditiously:

- Review the produced Epstein Files for compliance with FOIA and the Epstein Files Transparency Act;

- Conduct a segregability analysis of redacted-in-part and withheld-in-full pages to ensure the Law Enforcement Exemption has been applied in a "narrowly tailored" manner, as required by FOIA and the Epstein Files Transparency Act;

- Order the release all remaining non-exempt material, in-whole and in-part; and

- Submit a *Vaughn* index itemizing the Government's application of exemptions.

Plaintiffs also respectfully request an expedited briefing schedule on any remaining disputes concerning the scope of the FBI's search and the application of exemptions.

## **RELEVANT FACTUAL BACKGROUND**

Plaintiffs filed a Freedom of Information Act ("FOIA") request with the FBI on April 20, 2017, seeking all documents relating to the investigation and prosecution of Jeffrey Epstein. Plaintiffs did not receive a timely response to this request and subsequently filed an action in this Court on May 25, 2017, for failure to timely respond to the FOIA request.

From 2017 to 2019, the FBI produced thousands of documents responsive to the FOIA request and withheld an indeterminate number of remaining files based on its assertion of various FOIA exemptions.  The claimed exemptions shifted from privacy to law enforcement upon the arrest of Jeffrey Epstein and subsequent prosecution of Ghislaine Maxwell.  Plaintiffs only possess a limited partial *Vaughn* index because the FBI pivoted to a categorical application of the law enforcement exemption. A complete *Vaughn* index was never provided and the full volume of responsive documents that the FBI was withholding has never been clear.

On January 30, 2024, the parties filed renewed cross-motions for summary judgment. *See* Dkt. No. 56; Dkt. No. 61.  On June 25, 2024, this Court granted summary judgment to Defendants, concluding that the FBI had met its burden to show that the requested records were exempt from disclosure and that "it is not possible to segregate non-exempt information from these [records]." Dkt. No. 64 at 14-15, 19-20. Plaintiffs appealed this decision on July 22, 2024. Dkt. No. 66.

On November 19, 2025, after immense public pressure, the Epstein Files Transparency Act was signed into law.  The federal law compels the U.S. Department of Justice ("DOJ") to publicly release its records related to Jeffrey Epstein and his network, subject only to narrow protections for victims and active investigations.  The Epstein Files Transparency Act required DOJ to release all records relating to Jeffrey Epstein in a public, searchable format within 30 days (by December 19, 2025).

On December 19, 2025, DOJ released a first tranche of Epstein-related materials on the statutory deadline.  From late December 2025 to early January 2026, DOJ made rolling productions of additional responsive documents.

On January 30, 2026, DOJ announced a major publication of more than 3 million additional pages, along with approximately 2,000 videos and approximately 180,000 images.  DOJ publicly stated this brings the total production to nearly 3.5 million pages[1] and asserts it has now fulfilled its legal obligations under the Act.

The productions from DOJ were heavily redacted.  The redactions are not explained or justified.  There has been no accounting of additional responsive materials withheld.

On January 7, 2026, while Plaintiffs' appeal was pending, the FBI moved for the Second Circuit to "remand this case for further proceedings in district court in light of intervening events." *Radar Online LLC v. Federal Bureau of Investigation*, No. 24-1964, Dkt. No. 61, at 2 (2d Cir. Jan. 7, 2026) (internal citations omitted).  In particular, the FBI argued that the passage of the Epstein Files Transparency Act - which required the government to publish "'all unclassified records,

---

[1] The DOJ's claim that it has released 3.5 million pages has also come under scrutiny. Tens of thousands of files were uploaded only to be removed. A CBS News analysis estimated about 2.7 million pages of documents related to Jeffrey Epstein were public as of March 2026. Elliot Ramos, Julia Ingram, and Taylor Johnson, "The DOJ has been taking down Epstein files. Here's what remains," *CBS News* (Mar. 3 2026), available at: https://www.cbsnews.com/projects/2026/epstein-files.

documents, communications, and investigative materials in the possession of the Department of Justice'" — "substantially changed the legal and factual setting of this case." *Id.* at 2, 4-5.

On April 2, 2026, the Second Circuit vacated the June 25, 2024 summary judgment decision and remanded the case for this Court to consider "whether Plaintiff-Appellants' claims for relief have been rendered moot by the Government's release of documents pursuant to the Epstein Files Transparency Act." Dkt. No. 67. The mandate issued on April 3, 2026. *See* April 3, 2026 Min. Entry.

On April 6, 2026, this Court ordered that, "By April 13, 2026, Plaintiffs will make a submission addressing whether their claims for relief have been rendered moot by the Government's release of files pursuant to the Epstein Files Transparency Act. The Defendant will respond to Plaintiffs' submission by April 20, 2026." Dkt. 68.

## ARGUMENT

Neither the terms of the Epstein Files Transparency Act, nor the Government's partial release of Epstein files, renders Plaintiffs' FOIA complaint legally or factually moot. The FBI retains a separate and independent legal obligation to fully respond to Plaintiffs' 2017 FOIA request and to justify any withholdings pursuant to the FOIA exemptions, as narrowed by the Epstein Files Transparency Act. The FBI has still not done this, and Plaintiffs' claim is not moot.

### A.    The Epstein Files Transparency Act Does Not Displace FOIA, It Strengthens It.

The Epstein Files Transparency Act does not displace FOIA or extinguish Plaintiffs' rights under 5 U.S.C. § 552. Instead, it narrows the scope of redactions that the Government may permissibly claim.

FOIA establishes a statutory right of public access to agency records: records must be produced unless they are subject to an exemption. 5 U.S.C. § 552. There is a strong presumption

4

of access, and the statute's nine exemptions are narrowly construed. *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 151 (1989); *FBI v. Abramson*, 456 U.S. 615, 630 (1982); *NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 136 (1975) (quoting S. Rep. No. 89-813, 3 (1965); *Davin v. U.S. Dep't of Justice*, 60 F.3d 1043, 1049 (3d Cir. 1995). Agencies are permitted to withhold information under FOIA "only if they reasonably foresee that disclosure would harm an interest protected by an exemption" or "disclosure is prohibited by law." *See* 5 U.S.C. § 552 (a)(3).

Plaintiffs' FOIA request in this matter covers all documents relating to the investigation and prosecution of Jeffrey Epstein. It therefore encompasses the very records that remain withheld. The Epstein Files Transparency Act overlays the DOJ's existing FOIA obligations and narrows the categories of documents that the agency is permitted to withhold.

Specifically, DOJ (and its sub-agency the FBI) can no longer withhold information under the deliberative process, attorney-client, and attorney work product privileges. *See* Epstein Files Transparency Act, Section 2. Likewise, privacy interests that could previously have been invoked to withhold information on the basis of embarrassment, reputational harm, or political sensitivity are no longer valid withholdings for the Epstein files. *Id.*

And with respect to the law enforcement exemptions that the FBI asserted both prospectively and retroactively in this matter, the proper scope of permissible redactions is now substantially narrower. An agency can typically rely on FOIA Exemption 7(A) to redact material that "could reasonably be expected to interfere with enforcement proceedings." *See* 5 U.S.C. § 552(b)(7)(A). However, under the Epstein Files Transparency Act standard, the FBI can now withhold only material that "would <u>jeopardize</u> an active federal investigation or <u>ongoing</u> prosecution, provided that such withholding is <u>narrowly tailored and temporary</u>." *See* Epstein Files Transparency Act, Section 2 (emphasis added).

The distinction between the two law enforcement exemptions is critical. Not only is there no "ongoing" prosecution of Ghislaine Maxwell. There is also no credible argument that **further** release of material would be so destructive to the DOJ's case that it would "interfere" in a future case against her, let alone "jeopardize" it.

Further, the release of millions of pages of Epstein material also makes the Government's continued invocation of a categorical application of Exemption 7(A) unjustifiable, especially given the Act's requirement that withholding be "narrowly tailored." The DOJ has already conducted an analysis of every page in its Epstein Files database. Therefore it is entirely feasible to provide a *Vaughn* Index and to justify exemptions on an individual document basis.

It's not just the standards that have changed; the public (and, to the extent she had not previously seen the records, Maxwell's) awareness has changed as well. If the FBI can invoke fresh exemptions in response to new events, it must also justify its prior withholding in light of the new status quo. The FBI should be compelled to explain which responsive documents have been produced, which have been withheld, and what has been redacted so that the Court can consider the appropriateness of the FBI's actions under FOIA, as modified by the Epstein Files Transparency Act.

### B.    The DOJ's Releases Are Incomplete

DOJ's release of files and its accounting of the same appears to remain incomplete.  At least two committees of the House of Representatives have expressed concerns about the volume of material that remains withheld.  *See* Letter from Rep. Jamie Raskin, Ranking Member on the U.S. House of Representatives Committee on the Judiciary, to then-Deputy Attorney General Todd Blanche (stating that DOJ had claimed to have identified over 6 million potentially responsive pages of records, yet it released only about half that (including the 200,000 pages that DOJ redacted

or withheld));[2]   Statement from Rep. Robert Garcia, Ranking Member of the Committee on Oversight and Government Reform (Jan. 31, 2026)(expressing concern about same).[3]

Using publicly available documents and court filings, data scientist Rye Howard Stone has estimated that there are at least a million documents missing from the files.  *See* Howard-Stone, Rye, "Over a million pages may be missing from the Epstein Files, 1,047 of them are named in the FBI's own indices," *Document Zero with Rye Howard Stone* (April 9, 2026).[4]  He reports that the missing documents are believed to include:  interview FD-302s (FBI interview reports with victims and witnesses); grand jury testimony transcripts; probable cause affidavits; victim identification forms and assignment histories; audio recordings (including what the index describes as "full tape recordings"); letters to and from prosecutors, including correspondence with Alexander Acosta; Palm Beach Police Department evidence reports; MySpace pages and other digital evidence.

The Government's disclosures in this matter have been chaotic at best. They have shifted rationales for withholding documents and never fully disclosed the volume of documents being withheld.  Former Attorney General Bondi claimed that she was reviewing documents, only to later assert that those documents never existed.  *See, e.g.* Chi-Sing, Haley, "Bondi says Epstein client list 'sitting on my desk right now,' and is reviewing JFK, MLK files," Fox News (Feb. 21 2025).[5]

---

[2]Available at https://democrats-judiciary.house.gov/sites/evo-subsites/democrats-judiciary.house.gov/files/evo-media-document/2026-01-31-raskin-to-blanche-doj-re-epstein-files.pdf
[3] Available at https://oversightdemocrats.house.gov/news/press-releases/ranking-member-robert-garcia-statement-as-epstein-white-house-cover-up-continues-doj-releases-only-half-of-epstein-files-after-months-of-defying-oversight-committee-subpoena-and-epstein-files-transparency-act.
[4] Available at https://substack.com/@rhowardstone/p-193698654
[5] Available at: https://www.foxnews.com/politics/bondi-says-epstein-client-list-sitting-my-desk-right-now-reviewing-jfk-mlk-files.

This level of confusion is exactly what the FOIA process is designed to address.  *See Public Citizen, Inc. v. Office of Management and Budget,* 598 F.3d 865, 869 (D.C. Cir. 2010) (explaining that FOIA was enacted "to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny," the objective of the Freedom of Information Act is "disclosure, not secrecy.").

The Government's partial disclosures under the Epstein Act do not eliminate the need for resolution of the FOIA claims presented here. *Connecticut Citizens Def. League, Inc. v. Lamont*, 6 F.4th 439, 444 (2d Cir. 2021) ("A case becomes moot when it is impossible for a court to grant any effectual relief whatever to the prevailing party.") (internal quotation marks and citation omitted).

Effectual relief plainly remains available. The FBI has yet to justify its redactions and withholdings under FOIA.  And the Government's actions to date demonstrate that a Court-moderated process is needed to ensure that it meets its disclosure obligations.

## CONCLUSION

For the foregoing reasons, and in light of the many reported irregularities recounted above, Plaintiffs respectfully request that this Court appoint an independent Special Master to expeditiously:

- Review the Epstein Files for compliance with FOIA and the Epstein Files Transparency Act.

- Conduct a segregability analysis of redacted-in-part and withheld-in-full pages to ensure the Law Enforcement Exemption has been applied in a "narrowly tailored" manner, per the Epstein Files Transparency Act.

- Order the release all remaining non-exempt material, in-whole and in-part.

- Submit a *Vaughn* index itemizing the Government's application of exemptions.

Plaintiffs also respectfully request an expedited briefing schedule on any remaining disputes concerning the scope of the FBI's search and the application of exemptions.

April 13, 2026                    Respectfully submitted,

By: /s/ Daniel R. Novack
Daniel R. Novack
1745 Broadway 14th Floor
New York, NY 10019
Telephone: 201-213-1425
Email: dan@novackmedialaw.com

*Attorney for Plaintiffs*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 13, 2026 I electronically filed the foregoing Notice of Appeal with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants in connection with this matter.

By: <u>/s/ Daniel R. Novack</u>
Daniel R. Novack