UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RADAR ONLINE LLC and JAMES
ROBERTSON,

                Plaintiffs,

    v.

FEDERAL BUREAU OF INVESTIGATION,

                Defendant.

**17 Civ. 3956 (PGG)**

---

# MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFFS' SUBMISSION CONCERNING THE EPSTEIN FILES TRANSPARENCY ACT

JAY CLAYTON
United States Attorney for the
Southern District of New York
Attorney for Defendant
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel: (212) 637-2691
Email: allison.rovner@usdoj.gov

ALLISON M. ROVNER
Assistant United States Attorney
    – Of Counsel –

**Table of Contents**

PRELIMINARY STATEMENT ...........................................................................................................1

BACKGROUND ...........................................................................................................................2

    I.   History of This FOIA Litigation...........................................................................................2

    II.  The EFTA .............................................................................................................................4

    III. Proceedings in This FOIA Case Following the EFTA ........................................................6

ARGUMENT.................................................................................................................................7

    I.   The EFTA Release Satisfies the FBI's Response to Radar Online's FOIA Request ..........7

    II.  Radar Online's Ability to Challenge the Government's Withholdings Is Limited .............9

CONCLUSION.............................................................................................................................12

## Table of Authorities

*Cases:*

*DOJ v. Tax Analysts*,
  492 U.S. 136 (1989) .................................................................................................. 7, 8
*Egbert v. Boule*,
  596 U.S. 482 (2022) ...................................................................................................... 9
*Giambalvo v. Suffolk County*,
  155 F.4th 163 (2d Cir. 2025) ........................................................................................ 9
*Halpern v. F.B.I.*,
  181 F.3d 279 (2d Cir. 1999) ....................................................................................... 11
*Oglesby v. U.S. Dep't of Army*,
  920 F.2d 57 (D.C. Cir. 1990) ........................................................................................ 8
*Palmieri v. Lynch*,
  392 F.3d 73 (2d Cir. 2004) ......................................................................................... 10
*Renewal Servs. v. U.S. Patent & Trademark Off.*,
  723 F. App'x. 491 (9th Cir. 2018) ................................................................................. 8
*Transamerica Mortg. Advisors, Inc. (TAMA) v. Lewis*,
  444 U.S. 11 (1979) ........................................................................................................ 9
*United States v. Maxwell*,
  118 F.4th 256 (2d Cir. 2024) ........................................................................................ 2
*United States v. Quiroz*,
  22 F.3d 489 (2d Cir. 1994) ......................................................................................... 10
*Ziglar v. Abbasi*,
  582 U.S. 120 (2017) ...................................................................................................... 9

*Statutes:*

5 U.S.C. § 552 .................................................................................................... 1, 7, 8
18 U.S.C. § 2252-2252A ................................................................................................ 5
18 U.S.C. § 2256 ............................................................................................................ 5
18 U.S.C. § 3509 ............................................................................................................ 3
Pub. L. No. 119-38, 139 Stat. 656 (2025) .............................................................. 1, 4, 6

*Rules:*

Federal Rule of Criminal Procedure 6(e) ................................................................. 3, 4

## PRELIMINARY STATEMENT

The release of millions of pages of documents in the Department of Justice's possession relating to Jeffrey Epstein under the Epstein Files Transparency Act ("EFTA"), Pub. L. No. 119-38, 139 Stat. 656 (2025) has drastically changed the issues remaining in this Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, case brought by Radar Online LLC and James Robertson, a senior editor for Radar Online (collectively, "Radar Online") against the Federal Bureau of Investigation ("FBI"). Radar Online's FOIA request encompasses fewer than 30,000 pages from the FBI's files from its Florida investigation relating to Epstein. As a result of the EFTA release, the records Radar Online seeks are publicly available online in a searchable format in the "Epstein Library," https://www.justice.gov/epstein, subject to permissible withholdings. Notably, the FBI is no longer categorically withholding the records Radar Online seeks pursuant to FOIA Exemption 7(A) due to the Ghislaine Maxwell prosecution, as it did before the EFTA release.

For the reasons discussed below, the government's public release of documents under the EFTA satisfies its obligation to release documents to Radar Online under FOIA and renders this case potentially moot. Indeed, as Radar Online acknowledges, ECF No. 69 ("Pls. Br.") 3-6, it has the benefit of a greater release under the EFTA than it would be entitled to under FOIA. Thus, given the substantial public disclosure of documents relating to Epstein, Radar Online should search the Epstein Library to view the requested documents. If Radar Online would then like to challenge withholdings of documents responsive to its FOIA request, it may do so. However, for the reasons discussed below, the only exemptions that potentially remain available for Radar Online to challenge are FOIA Exemptions 6 and 7(C), exempting from disclosure information that if released could constitute an unwarranted invasion of personal privacy.

Should Radar Online decide to challenge withholdings under these FOIA exemptions, subject to the Court's approval, the FBI will respond with a brief and declaration(s). Contrary to Radar Online's contentions, Pls. Br. 2, 6, the government respectfully submits that a *Vaughn* index is not necessary for the limited exemptions that Radar Online could challenge here.

**BACKGROUND**

### I.    History of This FOIA Litigation

On April 20, 2017, Radar Online submitted a FOIA request to the FBI seeking all documents relating to the FBI's investigation and prosecution of Epstein. ECF No. 12-2. Given the timing of the request, it encompassed only the files maintained by the FBI relating to the federal investigation in the Southern District of Florida that resulted in a non-prosecution agreement with the U.S. Attorney's Office there in 2007, which was followed by a 2008 guilty plea by Epstein to state offenses relating to prostitution. *See United States v. Maxwell*, 118 F.4th 256, 261 (2d Cir. 2024); *United States v. Epstein*, 19 Cr. 490, ECF No. 32 at 3. Radar Online then commenced this action on May 25, 2017. ECF No. 1. On October 4, 2017, the Court so-ordered the parties' stipulation that the FBI's search obligations would be limited to records in certain specified files maintained by the FBI at that time. ECF No. 17. The records potentially responsive to Radar Online's FOIA request consist of fewer than 30,000 pages total.

From October 2017 through June 2019, the FBI processed nearly 11,000 responsive pages. ECF No. 50 ¶¶ 9-29. Most of the pages were redacted in part or withheld in full based on certain exemptions under FOIA, including Exemptions 6 and 7(C) or Exemption 7(E), which exempts from disclosure information that if released would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk

circumvention of the law.  The FBI also relied on Exemption 3, which exempts from disclosure records protected by other statutes, here including the Child Victims' and Child Witnesses' Rights Act, 18 U.S.C. § 3509, and Federal Rule of Criminal Procedure 6(e), which governs the secrecy of grand jury proceedings; Exemption 5, which exempts from disclosure privileged records; and Exemption 7(D), which exempts from disclosure certain information provided by confidential sources.  ECF No. 50 ¶¶ 9-29.

After Epstein was charged with criminal offenses in this District in July 2019, the FBI asserted Exemption 7(A) over the information it had processed and withheld before that time, as well as over all records it processed and withheld after that time, based on a categorical review (except for 46 pages that the FBI released in full).  ECF No. 50 ¶¶ 9-29, ¶¶ 30-31 & n.4-5, ¶ 7.[1] After Epstein's death by suicide in August 2019, the FBI continued to categorically assert Exemption 7(A) over the records based on the prosecution of Epstein associate Maxwell that commenced in June 2020.  ECF No. 59 ¶¶ 6-23; *Maxwell v. United States*, No. 24-1073 (petition for writ of certiorari). The FBI also asserted Exemptions 3, 5, 6, 7(C), 7(D), and 7(E) over information in the records that it categorically reviewed after Epstein's arrest.  ECF No. 50 ¶ 30.

In a September 19, 2023, opinion and order, this Court granted summary judgment to the FBI with respect to Exemptions 6, 7(C), and 7(E), Exemption 3 for information withheld under the Child Victims' and Child Witnesses' Rights Act, 18 U.S.C. § 3509, and Exemption 7(D) to protect information confidentially provided by local law enforcement, and certain aspects of the FBI's assertion of Exemption 7(A).  ECF No. 51.  The Court denied summary judgment without prejudice with respect to other aspects of Exemption 7(A), Exemption 3 as it pertained to grand

---

[1] During a categorical review, the FBI reviews each document and determines if release of the document would interfere with an ongoing law enforcement proceeding.  ECF No. 50 n.5.

jury materials withheld pursuant to Federal Rule of Criminal Procedure 6(e), and Exemption 7(D) to protect information provided on a confidential basis.  ECF No. 51.

The parties filed renewed cross-motions for summary judgment in January 2024.  ECF Nos. 56-63.  In a June 25, 2024, opinion and order, the Court granted summary judgment to the FBI, concluding that the government properly withheld records pursuant to Exemption 7(A) and that any non-exempt information could not reasonably be segregated from exempt information. ECF No. 64.  Because the FBI asserted Exemption 7(A) over all unreleased information, the Court did not evaluate the applicability of the other exemptions the FBI had asserted in its renewed motion, including Exemption 3 as it pertained to grand jury materials and Exemption 7(D) with respect to the names and identity information of confidential sources.  *Id.*

Radar Online appealed aspects of the Court's two decisions on July 22, 2024, specifically challenging only the Court's holding with respect to Exemptions 7(A), 6 and 7(C), and 7(E).  ECF No. 66; 24-1964 (2d Cir.), Dkt. No. 46.  After the matter was fully briefed before the Second Circuit, 24-1964, Dkt. Nos. 46, 48, 56, on November 19, 2025, Congress passed the EFTA, Pub. L. No. 119-38, 139 Stat. 656 (2025).

## II.    The EFTA

The EFTA, among other things, required the government to "make publicly available in a searchable and downloadable format all unclassified records, documents, communications, and investigative materials in the possession of the Department of Justice, including the Federal Bureau of Investigation and the United States Attorneys' Offices, that relate to: (1) Jeffrey Epstein including all investigations, prosecutions, or custodial matters. (2) Ghislaine Maxwell."  *Id.* § 2(a)(1)-(2).  The Act stated that "[n]o record shall be withheld, delayed, or redacted on the basis of embarrassment, reputational harm, or political sensitivity, including to any government official,

public figure, or foreign dignitary." *Id.* § 2(b)(1). The Act further provided that "[t]he Attorney general [sic] may withhold or redact the segregable portions of the record that (A) contain personally identifiable information of victim or victims' personal and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy; (B) depict or contain child sexual abuse materials (CSAM) as defined under 18 U.S.C. 2256 and prohibited under 18 U.S.C. 2252-2252A; (C) would jeopardize an active federal investigation or ongoing prosecution, provided that such withholding is narrowly tailored and temporary; (D) depict or contain images of death, physical abuse, or injury of any person. . . ." § 2(c)(1).

By January 30, 2026, the government substantially completed its release of documents under the EFTA, releasing millions of pages to the Epstein Library, a searchable public website. *See* January 30, 2026, Press Release, "Department of Justice Publishes 3.5 Million Responsive Pages in Compliance with the Epstein Files Transparency Act" ("Press Release"), https://www.justice.gov/opa/pr/department-justice-publishes-35-million-responsive-pages-compliance-epstein-files.  This release was a result of the efforts of more than 500 reviewers at the Department of Justice.  *Id.*  In addition, this Office employed an additional review protocol to ensure compliance with the district court's order in the Maxwell criminal case that no victim-identifying information intentionally would be produced unredacted as part of the production. *Id.*; *United States v. Maxwell*, 20 Cr. 330 (PAE), ECF No. 820 at 22 (December 9, 2025, order requiring certification regarding withholding of victim-identifying information); *see also* Dkt. No. 839 at 1-3 (January 15, 2026, status update letter filed by this Office stating "[c]ompliance with the Act is a substantial undertaking, principally because, for a substantial number of documents, careful, manual review is necessary to ensure that victim-identifying information is redacted before

materials are released" and discussing the "resource-intensive efforts" the government has devoted to reviewing and releasing documents under the Act).

The government publicly posted to the Epstein Library its detailed review protocol and the letters to Congress it submitted regarding its releases and withholdings. *See* https://www.justice.gov/epstein/doj-disclosures. The government withheld only information pursuant to EFTA § 2(c)(1)(A)-(D), duplicative materials, as well as a limited amount of information covered by privileges, including the deliberative-process privilege, work-product doctrine, and attorney-client privilege. *See* February 14, 2026, letter from Deputy Attorney General Todd Blanche to Congress, https://www.justice.gov/opa/media/1434856/dl?inline; January 30, 2026, letter from Deputy Attorney General Todd Blanche to Congress, https://www.justice.gov/opa/media/1426091/dl; Press Release, https://www.justice.gov/opa/pr/department-justice-publishes-35-million-responsive-pages-compliance-epstein-files.

### III.   Proceedings in This FOIA Case Following the EFTA

On January 7, 2026, the FBI moved for the Second Circuit to remand this case for further proceedings in this Court on the basis that the EFTA had substantially changed the legal and factual landscape of this FOIA case. 24-1964, Dkt. No. 61. On April 2, 2026, the Second Circuit granted the FBI's motion, vacating the Court's June 26, 2024, decision, and remanding the case "for the District Court to consider whether Plaintiffs-Appellants' claims for relief have been rendered moot by the Government's release of documents pursuant to the Epstein Files Transparency Act, Pub. L. No. 119-38, 139 Stat. 656 (2025), and the impacts, if any, of that statute and other intervening events on Plaintiffs-Appellants' claims." 24-1964, Dkt. No. 69. The mandate issued on April 3, 2026. *See* April 3, 2026, Min. Entry. On April 6, 2026, this Court ordered the parties to address whether Radar Online's "claims for relief have been rendered moot by the Government's release

6

of files pursuant to the Epstein Files Transparency Act." ECF No. 68.

## ARGUMENT

For the reasons discussed below, the substantial release of documents by the government under the EFTA satisfies the government's FOIA obligations here and leaves Radar Online with only limited potential bases on which to challenge the government's withholdings.

### I.    The EFTA Release Satisfies the FBI's Response to Radar Online's FOIA Request

The documents Radar Online requests in this FOIA case were published in the government's EFTA release, subject to permissible EFTA withholdings. Contrary to Radar Online's apparent assertions, Pls. Br. 5, the documents encompassed by its FOIA request include only certain documents from the FBI's files from its Florida investigation, comprising fewer than 30,000 pages total and a small sliver of the broader universe of documents released under the EFTA. *See* ECF No. 17 (so-ordered stipulation regarding scope of search); *see also DOJ v. Tax Analysts*, 492 U.S. 136, 145 (1989) ("[T]he agency must be in control of the requested materials at the time the FOIA request is made.").

As Radar Online acknowledges (Pls. Br. 5), it also has the benefit of a broader release of documents under the EFTA than it would be entitled to receive under FOIA, given that the withholdings permitted under the EFTA are narrower than those permitted under FOIA. *Compare, e.g.*, 5 U.S.C. § 552(b)(6), (7)(C) (FOIA exemptions for "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy" or law enforcement records that "could reasonably be expected to constitute an unwarranted invasion of personal privacy"), *with* EFTA § 2(c)(1)(A) (permitting withholding of "records that . . . contain personally identifiable information of victims or victims' personal and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of

7

personal privacy"); *compare, e.g.*, 5 U.S.C. § 552(b)(7)(A) (FOIA exemption for law enforcement records that "could reasonably be expected to interfere with enforcement proceedings"), *with* EFTA § 2(c)(1)(C) (permitting withholding of "records that . . . would jeopardize an active federal investigation or ongoing prosecution, provided that such withholding is narrowly tailored and temporary").

Further, the FBI need not produce additional records to Radar Online because the Epstein Library constitutes a "FOIA Reading Room" pursuant to 5 U.S.C. § 552(a)(2), and the government's publication of records responsive to the EFTA is more than a sufficient response to Radar Online's FOIA request.  The right under FOIA of a person to request that the agency provide non-exempt records does not extend to records already made publicly available in an electronic format.  *See* 5 U.S.C. § 552(a)(3)(A) ("Except with respect to the records made available under paragraphs (1) and (2) of this subsection, . . . each agency, upon any request for records . . . shall make the records promptly available to any person."); *id*. § 552(a)(2) ("Each agency, in accordance with published rules, shall make available for public inspection in an electronic format . . . [records] that because of the nature of their subject matter, the agency determines have become or are likely to become the subject of subsequent requests for substantially the same records."); *Tax Analysts*, 492 U.S. at 152 ("Under subsection (a)(3) . . . an agency need not make available those materials that have already been disclosed under subsections (a)(1) and (a)(2)."); *Renewal Servs. v. U.S. Patent & Trademark Off.*, 723 F. App'x. 491, 492 (9th Cir. 2018) ("[B]y its own terms, § 552(a)(3) does not apply to records already made available in an electronic format by an agency pursuant to § 552(a)(2)."); *see also Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 70 (D.C. Cir. 1990) (stating that an agency can make "all responsive records available in one central location for appellant's

perusal," *i.e.*, a "reading room," and "[t]his satisfied the requirement under the FOIA to make records available to the public.").

Therefore, Radar Online can now search the Epstein Library (*i.e.*, the agency's electronic reading room) in the same manner as other members of the public. Because Radar Online has the benefit of a broader release of documents under the EFTA than it would be entitled to under FOIA, this case may be moot. *See Giambalvo v. Suffolk County*, 155 F.4th 163, 179 (2d Cir. 2025) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." (quotation marks omitted)). However, if after reviewing the records available in the Epstein Library, Radar Online still wishes to challenge withholdings in records covered by its FOIA request, it must articulate with specificity what it is challenging, rather than citing, as it does in its brief, Pls. Br. 6-7, to speculation reported by the media and some members of Congress for the proposition that releases under EFTA "remain incomplete."

## II.    Radar Online's Ability to Challenge the Government's Withholdings Is Limited

There are very few bases remaining on which Radar Online could still challenge the government's withholdings. As a threshold matter, Radar Online brought a FOIA case and cannot seek to apply EFTA § 2(c)(1)'s narrower permissible withholdings to its FOIA case as its brief suggests it might want to do, Pls. Br. 1-2, 4-6, 8. *See* ECF No. 69 1, 4-9; ECF No. 12 (Am. Compl.). The EFTA does not provide for a private cause of action. *See, e.g.*, *Egbert v. Boule*, 596 U.S. 482, 491 (2022) ("[C]reating a cause of action is a legislative endeavor."); *Ziglar v. Abbasi*, 582 U.S. 120, 133 (2017) ("If the statute does not itself so provide, a private cause of action will not be created through judicial mandate."); *Transamerica Mortg. Advisors, Inc. (TAMA) v. Lewis*, 444 U.S. 11, 24 (1979) ("[T]he mere fact that the statute was designed to protect advisers' clients does not require the implication of a private cause of action for damages on their behalf.").

9

Therefore, should Radar Online wish to continue to challenge withholdings in this FOIA case, it must do so by challenging the asserted FOIA exemptions.

The only FOIA exemptions potentially available for Radar Online to continue to challenge are Exemptions 6 and 7(C). The FBI no longer asserts Exemption 7(A) over the records subject to this FOIA request.[2] Further, the FBI's withholdings pursuant to Exemptions 6 and 7(C) are now narrower in light of the EFTA release in that the withholdings only include victim-identifying information, identifying information of certain government and law enforcement officials, and limited other privacy-related redactions (*e.g.*, email addresses, telephone numbers, Social Security numbers, bank account numbers), as explained in the publicly available review protocol. *See* Attorney Review Protocol for Epstein Files, https://www.justice.gov/media/1426281/dl?inline.

Regarding other exemptions the FBI previously asserted that had not been resolved in this litigation, the FBI no longer asserts Exemption 7(E), Exemption 7(D), or Exemption 3 as it pertains to grand jury materials. Further, Radar Online can no longer challenge Exemption 5, which protects privileged records, Pls. Br. 5, because the Court already ruled in the FBI's favor in September 2023, ECF No. 51 at 31-33, and Radar Online did not appeal this issue, 24-1964, Dkt. No. 46. Nor can Radar Online challenge the adequacy of the FBI's search or raise other exemptions, Pls. Br. 2, that it did not previously raise before this Court or on which it lost but did not appeal. It has waived these issues. *See, e.g.*, *Palmieri v. Lynch*, 392 F.3d 73, 87 (2d Cir. 2004) (where plaintiff "failed to . . . raise [an] argument in his opposition to summary judgement," concluding that "this argument has been waived"); *United States v. Quiroz*, 22 F.3d 489, 490 (2d Cir. 1994) ("It is well established that 'an argument not raised on appeal is deemed abandoned.'").

---

[2] The government's limited EFTA § 2(c)(1)(C) redactions or withholdings did not include information that is encompassed by Radar Online's FOIA request.

10

If Radar Online does raise a permissible challenge to the government's withholdings with respect to its FOIA request, the FBI anticipates that it would submit a brief and declaration(s), but not a *Vaughn* index as Radar Online requests, Pls. Br. 2, 6.  Under relevant case law, a declaration detailing the withholdings that Radar Online may challenge is sufficient for the Court to decide the issues.  *See, e.g.*, *Halpern v. F.B.I.*, 181 F.3d 279, 296-98 (2d Cir. 1999) (concluding that a declaration explaining the bases for the assertion of Exemption 7(C) was sufficient).

To the extent Radar Online wants to challenge the government's withholdings of documents it requested under FOIA, the FBI proposes that Radar Online submit a motion for summary judgment within 60 days, with the FBI filing a cross-motion and opposition 60 days later.  Radar Online should then have 30 days to respond to the FBI's cross-motion and reply in support of its motion, and the FBI will then have 30 days to reply.

Finally, Radar Online has cited no authority for its request that the Court appoint a Special Master, Pls. Br., 1, 8, and the Court should not do so.  Contrary to Radar Online's contentions, Pls. Br. 8, there have been no untoward "irregularities" in this litigation caused by the government. This Court previously granted summary judgment for the FBI.  When Radar Online appealed that holding, the FBI requested that the Second Circuit remand the matter for further proceedings because, as the Second Circuit agreed, it was the correct thing to do given that the EFTA has substantially affected the legal and factual landscape of this FOIA case.

**CONCLUSION**

For the foregoing reasons, the FBI submits that the EFTA release satisfied its FOIA obligations, and any challenges relating to the withholdings should be limited in scope as explained above.

Dated: New York, New York
April 20, 2026

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York
Counsel for Defendant

By:     /s/ Allison M. Rovner
ALLISON M. ROVNER
Assistant United States Attorney
86 Chambers Street, 3rd floor
New York, New York 10007
Telephone: (212) 637-2691
Email: allison.rovner@usdoj.gov

12

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Civil Rule 7.1(c), the undersigned counsel hereby certifies that this memorandum complies with the word-count limitation of this Court's Local Civil Rules. As measured by the word processing system used to prepare it, this memorandum contains 3,435 words.

*/s/ Allison M. Rovner*
Assistant United States Attorney