UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RADAR ONLINE LLC and JAMES ROBERTSON,

Plaintiffs,

- against-

Case No.: 1:17-cv-03956-PGG

FEDERAL BUREAU OF INVESTIGATION,

Defendant.

## PLAINTIFFS' NOTICE OF SUPPLEMENT

Plaintiffs Radar Online LLC and James Robertson respectfully submit this supplement to their prior briefing on remand to bring to the Court's attention a filing by the Government in a separate proceeding that is directly and irreconcilably inconsistent with the positions the Government has taken before this Court. On June 5, 2026, Acting Attorney General Todd Blanche, through the United States Attorney for the District of Columbia, filed an opposition to a motion for preliminary injunction in *Phang v. Blanche*, Civil Action No. 26-1417 (EGS) (D.D.C.). *See* Def.'s Opp. to Mot. for Prelim. Inj., *Phang v. Blanche*, No. 26-cv-1417 (D.D.C. June 5, 2026), ECF No. 12 ("Blanche Br."), attached hereto as **Exhibit A**. In that case, journalist Katie Phang brought an action under the Administrative Procedure Act ("APA") challenging the Department of Justice's failure to comply with the Epstein Files Transparency Act ("EFTA"), specifically, that the Department failed to produce required records, improperly withheld information, and neglected to provide adequate justification for redactions. *See* Blanche Br. at 3. The Government's principal argument for dismissal in *Phang* was that FOIA provides an "adequate remedy at law" for any

challenge to EFTA noncompliance, rendering APA review unavailable. *See* Blanche Br. at 2, 11–13.

The Government's position in *Phang* flatly contradicts what it has told this Court. Before this Court, the Government insists that Plaintiffs *cannot* invoke the EFTA's narrower withholding standards in this FOIA proceeding, arguing that "[t]he EFTA does not provide for a private cause of action" and that Plaintiffs' "ability to challenge the Government's withholdings is limited" to traditional FOIA exemptions alone. ECF No. 70 at 9–10. Yet in *Phang*, the Government argued precisely the opposite. The Government argued that "FOIA provides exactly that remedy" for claims of EFTA noncompliance, that "[t]he Epstein Act supplements FOIA" rather than displacing it, and that the two statutes "operate in harmony." Blanche Br. at 2, 13.  Most remarkably, the Government told the D.C. court that "the 'EFTA-FOIA Crosswalk' published by the Department's Office of Information Policy maps each withholding category under the Epstein Act directly to its corresponding FOIA exemption, further supporting that the redactions and withholding decisions Plaintiff challenges align with FOIA's exemption framework." Blanche Br. at 13. In other words, the Government has told a federal court in D.C. that FOIA is the vehicle through which EFTA compliance must be tested, that FOIA's "remedial scheme is not merely adequate, but is substantively identical to the relief" a party challenging EFTA withholdings would seek, *id.* at 13, while simultaneously telling this Court that Plaintiffs in an active FOIA case may not test EFTA compliance here. *See* ECF No. 70 at 9–10.

The Government cannot have it both ways. It cannot tell this Court that its EFTA release satisfies its FOIA obligations and that Plaintiffs are barred from applying the EFTA's standards while telling the *Phang* court that FOIA is the exclusive and adequate mechanism for enforcing exactly those EFTA standards. These are logically irreconcilable positions. The Government's

own EFTA-FOIA Crosswalk, which it cited to the D.C. court as evidence that FOIA remedies map onto EFTA withholding categories, confirms what Plaintiffs have argued throughout: the EFTA narrowed the permissible scope of withholdings, and this FOIA case is the proper forum to enforce those narrower standards. *See* ECF No. 69 at 4–5.

The Government has now invoked FOIA to block an APA suit, while simultaneously invoking the absence of an EFTA cause of action to block this FOIA suit, ensuring that no plaintiff, in any forum, can obtain judicial review of the Government's EFTA compliance. This Court should not allow such gamesmanship. The Government's admissions in *Phang*, namely, that FOIA and the EFTA "operate in harmony," that FOIA provides "substantively identical" relief for EFTA challenges, and that the Department's own Crosswalk maps EFTA withholdings onto FOIA exemptions, confirm Plaintiffs' entitlement to challenge the Government's withholdings under the EFTA's narrower standards in this proceeding. Blanche Br. at 13. The Court should hold the Government to its own words, reject its efforts to avoid accountability in every forum, and order the Government to justify its withholdings under the standards it has itself conceded apply through FOIA, including the EFTA's requirement that any law-enforcement withholding be "narrowly tailored and temporary." EFTA § 2(c)(1)(C); *see also* ECF No. 69 at 5.

Date: July 6, 2026

Respectfully submitted,

By: /s/ Daniel R. Novack
Daniel R. Novack
1745 Broadway 14th Floor
New York, NY 10019
Telephone: 201-213-1425
Email: dan@novackmedialaw.com

*Attorney for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 6, 2026 I electronically filed the foregoing Notice of Supplement with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants in connection with this matter.

By: /s/ Daniel R. Novack
Daniel R. Novack

**MEMO ENDORSED:**

Defendant is directed to respond to Plaintiffs'
Notice of Supplement by July 14, 2026.

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

**Dated:**        July 7, 2026