

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street, Third Floor*
*New York, New York 10007*

July 14, 2026

**By ECF**

The Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

   Re: *Radar Online, LLC v. FBI,* 17 Civ. 3956 (PGG)

Dear Judge Gardephe:

  This Office represents the Federal Bureau of Investigation ("FBI" or "the Government") in the above-referenced action filed by Radar Online, LLC and James Robertson (collectively, "Radar Online") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, relating to their request for documents concerning the FBI's investigation and prosecution of Jeffrey Epstein.  I write respectfully, pursuant to the Court's July 7, 2026, order, ECF No. 75, to respond to the Notice of Supplement filed by Radar Online on July 6, 2026, ECF No. 74.

  In its Notice of Supplement, Radar Online claims that the Government took a position regarding the interaction of FOIA and the Epstein Files Transparency Act ("EFTA"), Pub. L. No. 119-38, 139 Stat. 656 (2025), in another case, *Phang v. Blanche*, 26 Civ. 1417 (D.D.C.), ECF No. 12 ("*Phang* Br."), that was inconsistent with the position taken in this case.  ECF No. 74 at 1-4.  Specifically, Radar Online asserts that in *Phang*, a case in which a journalist challenged EFTA withholdings under the Administrative Procedure Act ("APA"), the Government argued that EFTA review was unavailable under the APA because FOIA provides an adequate remedy for allegations of EFTA non-compliance given that "[t]he Epstein Act supplements FOIA" rather than displaces it, and that the two statutes "operate in harmony."  *Id.* at 1-2 (citing *Phang* Br. 2, 13).  Radar Online takes particular issue with an "EFTA-FOIA Crosswalk," *available at* https://www.justice.gov/oip/media/1438931/dl?inline, cited by the Government in *Phang* that mapped the language of each withholding category under EFTA to the corresponding FOIA exemption to support that the EFTA withholdings Phang challenged "align with FOIA's exemption framework."  *Id.* at 2 (citing *Phang* Br. 13).  Radar Online posits that the Government's position in *Phang* that a plaintiff may only challenge withholdings under the EFTA release pursuant to FOIA is somehow inconsistent with the Government's statement in its April 20, 2026, brief in this case that EFTA does not provide a private cause of action and that Radar Online must bring any challenge to the Government's withholdings under FOIA following its EFTA release.  *Id.* at 2-3 (citing ECF No. 70 at 9-10).  Radar Online concludes that the Government's positions in this Court that "its EFTA release satisfies its FOIA obligations and that Plaintiffs are barred from applying the EFTA's standards" and in the *Phang* court "that

FOIA is the exclusive and adequate mechanism for enforcing exactly those EFTA standards" are "irreconcilable" and that it means that "no plaintiff, in any forum, can obtain judicial review of the Government's EFTA compliance." ECF No. 74 at 2-3.

Contrary to Radar Online's contentions, the Government's position in this action regarding the interplay of FOIA and EFTA is consistent with its position in *Phang*. In this case, as in *Phang*, the Government argued that EFTA does not provide a private cause of action and that a plaintiff challenging the Government's withholdings following its release of documents under EFTA, which required a broader release than under FOIA, must proceed under FOIA rather than EFTA.[1] *See* ECF No. 70 at 7-10 (explaining that the EFTA release, with narrower permissible withholdings than under FOIA, satisfied the Government's FOIA obligations, and that Radar Online may only challenge any withholdings following the EFTA release under FOIA because EFTA provides no private cause of action). Further, as in *Phang*, in which the Government argued that "[t]he Epstein Act supplements FOIA by imposing additional disclosure obligations with respect to a specific set of records," *Phang* Br. 13, here the Government argued that "Radar Online . . . has the benefit of a broader release of documents under the EFTA than it would be entitled to receive under FOIA, given that the withholdings permitted under the EFTA are narrower than those permitted under FOIA," ECF No. 70 at 7, 10. Finally, as in *Phang*, which cited the EFTA-FOIA Crosswalk to compare the language of the EFTA and FOIA exemptions, *Phang* Br. 13, in its brief in this case, the Government provided examples making the same comparison of the most relevant exemptions in this case, namely, FOIA Exemptions 6 and 7(C) with EFTA exemption § 2(c)(1)(A), involving privacy-related withholdings, and FOIA Exemption 7(A) with EFTA exemption § 2(c)(1)(C), involving withholdings due to pending law enforcement proceedings, ECF No. 70 at 7-8. These comparisons show that, as relevant here, the permissible withholdings under both FOIA and EFTA are similar, but that as the Government recognized in both cases, the permissible EFTA withholdings are narrower than under FOIA.

Further, as explained in the Government's brief, ECF No. 70 at 7-10, because of the particular circumstances of this action—the Government's much broader release of documents under EFTA than those encompassed by Radar Online's FOIA request, the narrower permitted withholdings under EFTA than under FOIA, and the limited withholdings Radar Online can still challenge given that the Government no longer asserts FOIA Exemption 7(A) or its EFTA equivalent over the documents Radar Online requested and Radar Online has waived its ability to challenge most other exemptions—this case may be moot. However, the Government

---

[1] In recently granting Phang's motion for a preliminary injunction, the court in *Phang* disagreed with the Government, concluding that under the circumstances of that case, including where the plaintiff sought information under EFTA that she purportedly could not obtain under FOIA, FOIA did not provide an adequate remedy, and thus did not preclude the court's jurisdiction to review EFTA withholdings under the APA. *Phang v. Blanche*, No. 26 Civ. 1417 (EGS), 2026 WL 1831251, at *11-13 (D.D.C. June 25, 2026). The Government disagrees with the *Phang* court's holding, particularly because FOIA provides an adequate remedy even if FOIA exemptions might apply. *Phang*, ECF No. 19 at 9. However, the *Phang* court's holding is immaterial here, as Radar Online has brought a FOIA action, rather than an APA action, so it must proceed under FOIA. Further, the parties in *Phang* are still litigating the court's order to show cause why the EFTA redactions on a limited number of documents should not be removed. *See Phang*, 2026 WL 1831251, at *17; *Phang*, ECF No. 19; *Phang*, July 6, 2026, Minute Order (setting further briefing schedule).

nonetheless provided a framework by which Radar Online could challenge certain withholdings under FOIA if it wishes.  ECF No. 70 at 1-2, 10-11.

In conclusion, contrary to Radar Online's contentions, the Government's position in this case is entirely consistent with its position in *Phang*.  For the reasons described in the Government's brief, ECF No. 70, the Government's release of millions of pages of documents under EFTA, with narrower permissible withholdings, satisfies its obligation to release documents in response to Radar Online's FOIA request encompassing far fewer documents and renders this case potentially moot.

We thank the Court for its consideration of this letter.

Respectfully submitted,

JAY CLAYTON
United States Attorney
Southern District of New York

By:    /s/ Allison M. Rovner
       ALLISON M. ROVNER
       Assistant United States Attorney
       Tel.: (212) 637-2691
       E-mail: allison.rovner@usdoj.gov

cc:    Daniel Novack, Esq. (by ECF)

3